GENERAL MOTORS ACCEPTANCE CORPORATION, Appellant,

v.

Ora Lee WIREMAN, Appellee.

Court of Appeals of Kentucky.

June 10, 1960.

C. Kilmer Combs, Combs & Combs, Prestonsburg, for appellant.

Robert S. Wellman, Marshall Davidson, Prestonsburg, for appellee.

STEWART, Judge.

This appeal arises out of a claim by appellee, Ora Lee Wireman, that appellant, General Motors Acceptance Corporation (hereinafter sometimes referred to as "G. M.A.C."), unlawfully repossessed and sold a truck which she had mortgaged to it. A jury awarded her $500 and the lower court, after deducting the amount of the debt, entered judgment for $400.61. G.M.A.C. has moved for an appeal.

Appellee failed to file a brief, and this appeal was ordered submitted on appellant's brief only, pursuant to R.C.A. 1.260(c). As provided by ground (1) of this Rule we have decided to accept the statement of facts and the issues set forth in appellant's brief as correct.

Although several reasons are urged for reversal of the judgment, we deem it necessary to consider only one of these, namely, that G.M.A.C. was entitled to a directed verdict at the conclusion of appellee's (plaintiff's) evidence. It is our view the trial judge should have peremptorily instructed the jury to find for G.M.A.C.

The issue that is determinative of the foregoing contention is whether the sale of the Chevrolet truck, around which this litigation revolves, was held at the time and place stated in the notice. In this action in circuit court appellee sought damages on the theory that the sale did not occur when and where it was advertised to be held.

The recitation of facts in appellant's brief shows that on or about April 14, 1956, appellee executed and delivered to appellant a note for $99.39 and gave a chattel mortgage on the Chevrolet truck as security therefor. This obligation was to be paid in three consecutive monthly installments, the first of which fell due on May 15, 1956. The usual precipitation clause was a feature of the contract, and there were also stipulations in the mortgage which gave appellant the right, upon reasonable notice to appellee, to repossess and sell the vehicle to satisfy any unpaid indebtedness in the event appellee failed to comply with the terms of the agreement.

Appellee did not meet the May 15th installment. She was seen about the defaulted payment by a representative of appellant and, when she indicated no desire or intention to make any arrangements to pay

it, the truck was repossessed. Appellant's undisputed proof established that the sale was set for June 18, 1956, and that public sale notices to this effect were posted at various places in Prestonsburg. This sale notice was also advertised on June 14th in the Floyd County Times, a weekly newspaper published at Prestonsburg. In addition, the credit department of appellant wrote appellee on June 8th, advising her of the act of repossession and of the fact that her truck would be sold on June 18th. This information was communicated in a letter by registered mail with a return receipt requested. Appellee signed the return receipt card showing June 13th as the date of delivery of the letter to her.

The sole evidence of appellee, which undertook to establish that the sale did not take place as specified, was her own testimony. At the trial her attorney asked her if she had received the registered letter acquainting her with the date of the sale and if she was present at the designated place of sale at the time set forth in the letter. She answered in the affirmative, saying she was at the place of sale the *day after the letter was delivered to her* from appellant's credit department; and that she stayed around there all day but that no sale was had. On cross-examination it became readily apparent appellee went to the place of sale and remained there all day on June 14th, which was four days before the day the sale was had. As noted above, the letter in question came to her hands on June 13th.

Appellee's evidence does nothing more than point up the fact that she was under a misapprehension as to the day the sale had been fixed by appellant. She at no time made any statement that impugned or put in question the date of June 18th recited as the day of sale in the posted notices or the newspaper advertisement or the registered communication received by her. Furthermore, the uncontroverted testimony of four witnesses, supported by a written memorandum signed by each at the time, conclusively proved that the sale occurred on June 18, 1956.

Appellant moved for a directed verdict upon the basis that the sale of the truck was held at the time and place stated in the notice. The lower court overruled this motion, and submitted to the jury the question of whether or not the sale occurred as specified by appellant. The jury found against appellant on this issue and awarded appellee the amount of damages heretofore mentioned. Appellant then moved for judgment notwithstanding the verdict, which was overruled.

Appellee's evidence, as has been shown, in no way conflicts with the positive testimony and the written memoranda that the sale was held on June 18th as advertised. Her statements made it clear she was under a mistaken impression as to the day the sale was to be held. It follows her testimony was not evidence of substance sufficient to support a verdict in her favor. The lower court should have sustained appellant's motion for a directed verdict.

Wherefore, the motion for an appeal is granted and the judgment is reversed with directions that a new one be entered dismissing appellee's claim against appellant.